UNITED STATES of America,
Plaintiff-Appellee,

v.

CRAWFORD ENTERPRISES, INC., et al., Defendants-Appellees,

v.

RUSTON GAS TURBINES, INC.,
Movant-Appellant.

No. 84–2070
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 29, 1984.

David Boies, Armonk, N.Y., David T. Maddox, Houston, Tex., for movant-appellant.

Miller, Cassidy, Larroca & Lewin, Herbert J. Miller, Jr., William H. Jeffress, Jr., Washington, D.C., for Donald G. Crawford.

William F. Pendergast, Barbara Nicastro, Criminal Div., U.S. Dept. of Justice, Washington, D.C., for United States.

Before RUBIN, JOLLY and DAVIS, Circuit Judges.

PER CURIAM:

Ruston Gas Turbines, Inc. ("Ruston") appeals from the district court's order denying its Motion for Leave to Intervene for a Limited Purpose in this criminal proceeding. Because we are unable to determine the reasons for the district court's ruling, we vacate and remand.

## I.

On July 14, 1981, a grand jury subpoena was issued by grand jury 81–2 under the authority of the United States District Court for the District of Columbia to Ruston's president or its authorized representative. The subpoena commanded the production of original records involving transactions between Ruston and Petroleos Mexicanos ("Pemex") during the period March 1, 1977 through December 31, 1981. In compliance with the subpoena, Ruston produced tens of thousands of documents.

In the summer of 1982, all grand jury information produced by Ruston and others to grand jury 81–2 was transmitted to grand jury 82–3 in the Southern District of Texas, Houston Division. The Houston grand jury issued subpoenas for at least three of Ruston's employees or former employees. Subpoenas for additional records concerning Ruston's employees or agents were served on certain financial institutions. Additional documents were produced before the grand jury in response to these subpoenas.

On September 22, 1982, in the United States District Court for the Southern District of Texas, Ruston agreed to plead guilty to a one-count felony information charging a violation of the Foreign Corrupt Practices Act, 15 U.S.C. § 78dd–2(a)(3). The district court accepted the plea agreement and ultimately entered judgment in accordance with the plea. Pursuant to the judgment, Ruston paid a fine of $750,000.

On October 2, 1982, grand jury 83–2 returned an indictment in this case charging nine persons and Crawford Enterprises, Inc., with violations of the Foreign Corrupt Practices Act and other matters. Included among the defendants were Ruston's former president and its vice president of sales. Although Ruston was not indicted, allegations that Ruston participated in a conspiracy with Crawford Enterprises, Inc., Solar Turbines, International and C.E. Miller Corporation, and numerous references to Ruston are included in the indictment.

On December 15, 1982, Ruston requested that the United States of America return to it all of the documents produced pursuant to the subpoena (together with any copies made by the government) which concern contracts other than the Agave Job (Ruston Job 77104; Crawford Job 119; Crawford Job 119A). Ruston claimed that the documents concerning other contracts were not relevant to the matters alleged in the indictment. Despite receipt of Ruston's request, the government has not responded to the letter and continues to refuse to return to Ruston all of its documents not material to the allegations contained in the indictment.

Without providing Ruston with notice or opportunity to object, the government sought *ex parte* orders from the United States District Court for the Southern District of Texas and the United States District Court for the District of Columbia, permitting disclosures to third parties of information produced pursuant to the sub-

poena served on Ruston and other grand jury documents and testimony. In hearings in the district court, the government admitted that it disclosed grand jury material to the Federal Republic of Mexico pursuant to both an order of the district court and an agreement between the government and the Federal Republic of Mexico. Further, copies of documents produced by Ruston were made available to the other defendants in this criminal proceeding and other governments without notice to Ruston or opportunity to be heard in opposition.

On October 23, 1983, Pemex filed a civil suit (*Petroleos Mexicanos v. Crawford Enterprises, Inc., et al.,* under Civil Action No. H–83–6418 in the United States District Court, Southern District of Texas, Houston Division) against Ruston and other companies and individuals alleging a conspiracy to violate the antitrust laws and common law causes of action for commercial bribery, fraud and misrepresentation. Pemex also asserted claims under the Racketeer Influenced and Corrupt Organization Act against the defendants other than Ruston.

Ruston sought leave of the district court to intervene in this criminal proceeding for the limited purpose of presenting its Motion for Discovery and for a Protective Order. Ruston alleged upon information and belief that grand jury testimony and its subpoenaed documents were utilized in the preparation of the complaint filed by Pemex in the civil case. Ruston contended that the government's disclosure of these documents to Pemex was in violation of Rule 6(e) of the Federal Rules of Criminal Procedure. It also alleged that the government is providing grand jury information, documents and testimony to the Federal Republic of Mexico and Pemex on a continuing basis.

Without holding a hearing, the district court denied Ruston's motion to intervene for the limited purpose of presenting its Motion for Discovery and for a Protective Order. Ruston appeals. On appeal, Ruston contends it was denied its absolute and fundamental right to so intervene, and, as a consequence, has been erroneously precluded from having its Motion for Discovery and for a Protective Order heard, and, upon an adverse ruling, from prosecuting an appeal thereon.[1]

## II.

■ Under the circumstances of this case, an order denying intervention is collaterally final for the purposes of appeal. *Gravel v. United States,* 408 U.S. 606, 92 S.Ct. 2614, 33 L.Ed.2d 583 (1972); *Perlman v. United States,* 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918); *United States v. RMI Co.,* 599 F.2d 1183 (3d Cir.1979).

■ Without assignment of reasons, the district court denied Ruston's motion to intervene for the limited purpose of presenting its motion for discovery and for a protective order. As a general proposition, persons or corporations which are adversely affected by the disclosure of privileged material have the right to intervene, assuming standing, in pending criminal proceedings to seek protective orders, and if denied, to seek immediate appellate review. *United States v. RMI Co.,* 599 F.2d at 1186 and cases cited therein.

■ Here it appears that Ruston has made a showing which would entitle it to intervene. Ruston has alleged that, in response to a grand jury subpoena, it produced documents and records belonging to it; that, having been furnished for the purposes of the grand jury proceeding, the documents and records were privileged under Rule 6(e) of the Federal Rules of Criminal Procedure; that the government had admitted to disclosing the documents to other parties; and that it was being adversely affected by the disclosure.

The government has not taken any position with respect to the correctness of the

**1.** The government has advised this court that it does not intend to file any brief in response to Ruston's brief. In so doing, it advises us that it does not in any way wish to imply that it is in agreement with Ruston's position.

district court's order and has not filed a brief. Additionally, the district court, though it may have had adequate reasons for doing so, has failed to assign any reasons for its denial of Ruston's motion to intervene. Because we cannot be totally sure that a full presentation of all relevant background is before us on this appeal, we are reluctant to direct that Ruston be allowed to intervene.

Therefore, in view of the posture of the case, we simply remand it to the district court. If the district court, in the light of this opinion and upon further consideration, believes that further proceedings are appropriate, it may proceed accordingly. If, on the other hand, it concludes no further proceedings are necessary and that intervention should be denied, we request that the district court assign its reasons for denying intervention, in order that we may carry out this court's function of appellate review.

VACATED and REMANDED.